**In re Nathan D. and Georgena A. ARMSTRONG, Debtors.**

**Daniel H. Brunner, Chapter 13 Trustee, Plaintiff,**

**v.**

**Nathan D. Armstrong and Georgena A. Armstrong, Defendants.**

**No. CV–07–0282–EFS.**

United States District Court, E.D. Washington.

Sept. 24, 2008.

K. Denny Colvin, Colvin Law Office, Yakima, WA, for Debtors.

## ORDER AFFIRMING BANKRUPTCY COURT ORDER

EDWARD F. SHEA, District Judge.

Before the Court, without oral argument, is the Chapter 13 Trustee's appeal from the bankruptcy court's Order. After reading the submitted materials, including the U.S. Trustee's amicus brief, and the relevant authority, the Court is fully informed and affirms the bankruptcy court's ruling, *albeit* on different grounds.

## I. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear this appeal from a final order of the bankruptcy court pursuant to 28 U.S.C. § 158. The parties agree that this appeal presents no factual issues; rather, the appeal requires the Court to review the bankruptcy court's interpretation of 11 U.S.C. § 707(b)(2)(A)(ii)(I)—a question of law. *See In re Bialac,* 712 F.2d 426 (9th Cir.1983).

## II. FACTS AND PROCEDURAL HISTORY[1]

On November 3, 2006, Nathan and Georgena Armstrong filed a voluntary petition for relief under Chapter 13 United States Code title 11. The Chapter 13 Trustee objected to confirmation of the Armstrongs' modified plan on the grounds that it did not commit all of the Armstrongs' disposable income to the plan as required by 11 U.S.C. § 1325(b)(1)(B). The sole issue before the bankruptcy court at the time of the confirmation hearing was whether the Armstrongs properly included the Local Standards transportation ownership expense of $471.00 on line 28 of the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C). The bankruptcy court entered an order on August 22, 2007, confirming the Chapter 13 Plan, which allowed the Armstrongs to include a transportation ownership expense for their 1998 GMC Sierra 3500 truck with 112,786 miles—a vehicle they own free and clear of any liens. The Chapter 13 Trustee filed a timely Notice of

---

1. The parties agree on the factual background and, therefore, the Court adopts the Chapter 13 Trustee's Statement of the Case. (Ct. Recs. 6 & 11 p. 1.) The bankruptcy court's order contains a thorough factual statement. 370 B.R. 323 (Bankr:E.D.Wash.2007).

Appeal from the confirmation order on August 31, 2007. (Ct. Rec. 1.)

## III. DISCUSSION

■ The sole issue before the Court—whether the above-median income Debtors, who own a vehicle free and clear of liens, may claim the Local Standards transportation ownership expense under 11 U.S.C. § 707(b)(2)(A)(ii)(I)—has divided the many bankruptcy and district courts that have addressed this issue. Courts have reached their respective decisions for a variety of reasons. *See In re Sawdy,* 362 B.R. 898, 903–12 (Bankr.E.D.Wis.2007) (listing rationales used by courts); *see also In re Canales,* 377 B.R. 658 (Bankr. C.D.Cal.2007). The Court is aware that its analysis adds yet another approach to this issue.

■ The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) requires an above-median-family-income debtor in a Chapter 13 case to calculate monthly expenses under § 707(b)(2)(A)(ii)(I) in order to determine disposable income. 11 U.S.C. § 1325(b).[2] To determine whether Congress intended a debtor who owns a vehicle outright to take the Local Standards transportation ownership expense under § 707(b)(2)(A)(ii)(I), the court starts with the statutory text. *Lamie v. U.S. Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *United States v. Ron Pair Enters.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The grammatical structure of the statute, including language and punctuation, is critical to determine its meaning. *See Ron Pair Enters.,* 489 U.S. at 241–42, 109 S.Ct. 1026; *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908

(2002). If the language has a plain and unambiguous meaning providing a coherent statutory scheme, the court's inquiry ceases and the plain meaning of legislation is enforced, "except in the 'rare cases [where] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters.' " *Ron Pair Enters.,* 489 U.S. at 242–43, 109 S.Ct. 1026; *see Barnhart,* 534 U.S. at 450, 122 S.Ct. 941.

Many courts have found § 707(b)(2)(A)(ii)(I)'s language plain, while others have found it ambiguous. *See In re Bennett,* 371 B.R. 440, 442 (Bankr.C.D.Cal. 2007). Courts finding the statute's language ambiguous highlight that the statutory language must not be clear if courts are able to come up with opposite conclusions while interpreting the same "clear, plain" language. *Id.* Notwithstanding this disagreement, the Court engages in its own analysis starting with the statute's pertinent language:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependants of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependant....

11 U.S.C. § 707(b)(2)(A)(ii)(I). All of the cases read by the Court addressing this issue, as well as the parties in this case, limit the statutory language to be inter-

---

**2.** Compliance with this requirement is accomplished by the debtor completing and filing

Form B22C.

preted to: "[t]he debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards,. . . ." *Id.* The Court finds that examining only a portion of the first sentence in § 707(b)(2)(A)(ii)(I) leads to misinterpretation because there is no explanation as to what National Standards and Local Standards to apply or what version to use.

Accordingly, the Court finds the complete phrase to be interpreted is:

> [t]he debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, . . . . issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependants of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependant.

*Id.* The Court recognizes that the comma placement following the phrase "National Standards and Local Standards" could be interpreted as evidence that Congress intended for all of the language following the comma to be inapplicable to the National Standards and Local Standards phrase. Nevertheless, the Court finds such an interpretation nonsensical because there is no reason why Congress would identify what entity issues the Other Necessary Expenses and what version to apply, but not do the same for the National Standards and Local Standards. In fact, later this same subsection states, "the debtor's monthly expenses may also include an additional allowance for food and clothing of up to 5 percent of the food and clothing categories as specified by the National Standards *issued by the Internal Revenue Service.*" 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). In addition, § 707(b)(2)(A)(ii)(V) states, "in excess of the allowance specified by the Local Standards for housing and utilities *issued by the Internal Revenue Service.*" (Emphasis added.) Because Congress found it necessary to identify what entity issues the Standards, the Court concludes, after considering the entire language of § 707(b)(2)(A)(ii), that Congress did not intend the comma after "National Standards and Local Standards" to separate the remainder of the sentence from this first phrase, but simply to serve as a "reading-breaking-point" between the two expense phrases. With the appropriate language to interpret determined, the Court turns to determining what Congress intended by the addition of the modifiers "applicable" and "debtor's."

Although the National Standards, Local Standards, and Other Necessary Expenses are issued by the IRS, they are located on the U.S. Trustee website for bankruptcy purposes and are set forth in separate tables.[3] *http://www.usdoj.gov/ust/eo/ bapcpa/20080101/meanstesting.htm* (09/24/08). There are five National Standards categories: food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous; to select an amount from the appropriate table for these categories, the debtor must consider income and household size variables. There are two Local Standards categories: (1) housing and utilities and (2) transportation. The Local Standards

---

**3.** The IRS website contains the following disclaimer:

> Disclaimer: IRS Collection Financial Standards are intended for use in calculating repayment of delinquent taxes. These Standards are effective on March 1, 2008[sic] for purposes of federal tax administration only. Expense information for use in bankruptcy calculations can be found on the website for the *U.S. Trustee Program.*
>
> *www.irs.gov/individuals/article/0,,id=96543, 00.html* (09/24/08).

transportation category is then broken down into (a) an operating component and (b) an ownership component. The transportation operating component and the housing and utilities category are dependant upon the debtor's locale, income, household size, and/or number of vehicles. The Local Standards transportation ownership component is a flat number for both the first and second vehicle.[4] Accordingly, there are a number of variables to consider when selecting an expense amount from the appropriate table.

Section 707(b)(2)(A)(ii)(I) states that the locale to be used is the "area in which the debtor resides." The statute does not identify what income, household size, housing expense, or vehicle variables to select. This appears to be the reason for the modifiers "debtor's" and "applicable." The U.S. Trustee and the Chapter 13 Trustee submit that Congress would have omitted the phrase "applicable" if Congress intended the Local Standards transportation ownership expense to be taken for a vehicle owned free and clear of liens, arguing that "applicable" means an expense actually incurred by the debtor. The Court disagrees. If Congress believed the phrase "[t]he debtor's monthly expenses shall be the debtor's monthly expense amounts specified under the National Standards and Local Standards, . . ." sufficiently identified which variables to select, then there would be no reason for Congress to identify which locale variable to select, i.e. "the area in which the debtor resides." For this reason, the Court concludes Congress believed the modifier "debtor's" was insufficient by itself to identify what variables to select from the tables. Consistent with the addition of the locale modifier, the Court concludes Congress added "applicable" to instruct the debtor how to select the other variables from the tables.

In reaching this conclusion, the Court also considers the way Congress used the term "applicable" in other portions of § 707. The term "applicable" is also used in § 707(b)(6)(A)-(C) and § 707(b)(7). In § 707(b)(6)(A)-(C), the term "applicable" modifies "State." For instance, § 707(b)(6)(A) states in pertinent part, "in the case of a debtor of a household of 1 person, the median family income of the *applicable* State for 1 earner." (Emphasis added.) Section 707(b)(7)(B)(i)(I) states in pertinent part, "the debtor and the debtor's spouse are separated under applicable bankruptcy law; . . . ." (Emphasis added.)

■ "Applicable" is not defined by the bankruptcy code; accordingly, the Court may consider dictionaries in order to determine the common sense meaning of the term. *See Smith v. United States*, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993); *Ariz. Health Care Cost Containment Sys. v. McClellan*, 508 F.3d 1243, 1249–50 (9th Cir.2007). Dictionaries in effect at the time the statute was enacted define "applicable" as: (1) "fit, suitable, pertinent, related to or appropriate; capable of being applied," BLACK'S LAW DICTIONARY 98 (6th ed.1990); (2) "applying or capable of being applied; relevant; appropriate," RANDOM HOUSE COLLEGE DICTIONARY 65 (rev. ed.1980). Given Congress' use of the word "applicable" in § 707(b)(6)(A)-(C) and § 707(b)(7), the Court concludes Congress used "applicable" as a synonym for "appropriate" in § 707(b). When "appropriate" is substituted for "applicable" in § 707(b)(2)(A)(ii)(I), it supports the Court's conclusion that "applicable" is meant to

---

4. The U.S. Trustee website states:

**Ownership Costs**
(Lines 23 and 24, Form B22A)

(Lines 28 and 29, Form B22C)

| | First Car | Second Car |
|---|---|---|
| National | $471 | $332 |

identify what variable to select, not to limit the expenses under the National Standards and Local Standards to those actually incurred by the debtor.

■ In addition, the use of the term "actual" in the Other Necessary Expenses phrase suggests that Congress did not intend a loan or lease payment to be a prerequisite to the Local Standards transportation ownership expense. *In re Moorman*, 376 B.R. 694, 699 (Bankr.C.D.Ill. 2007). Rules of statutory construction require that meaning be given to a statute's every word. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). Therefore, the Court must find that Congress intended the words "applicable" and "actual" to have different meanings:

> In order to give effect to every word in the statute, the term "actual monthly expenses" cannot be interpreted to mean the same as "applicable monthly expenses." The term "actual monthly expenses" refers to the "categories specified as Other Necessary Expenses issued by the Internal Revenue Service." Therefore, the Debtor's actual monthly expenses are relevant only for those categories specified as Other Necessary Expenses. Conversely, the term "applicable monthly expenses" under the National and Local Standards means something other than a debtor's "actual monthly expenses."

*In re Kimbro*, 389 B.R. 518, 523–24 (6th Cir. BAP 2008) (quoting *In re Demonica*, 345 B.R. 895, 902 (Bankr.N.D.Ill.2006)).

Furthermore, there is nothing on the U.S. Trustee website—the source where debtors are directed—that limits the Local Standards transportation ownership ex-

pense to a debtor with a vehicle lease or loan payment. In fact, the term "ownership" is broad and is not limited to purchase costs. Therefore, after looking at the "language and design of the statute as a whole," and reading the specific words "with a view to their place in the overall statutory scheme," *Ariz. Health Care Cost Containment Sys.*, 508 F.3d at 1250 (internal citations omitted), the Court concludes the language of § 707(b)(2)(A)(ii)(I) plainly allows the applicable transportation operating expense as found in the Local Standards be taken for a debtor's first and second vehicle, regardless of whether lease or loan payments exist.

Cognizant that there are sound policy reasons for not allowing an across-the-board expense allowance, the Court finds the plain language of the statute does not create an odd result. Congress selected a straightforward expense calculation approach; a plain reading of the statute is not demonstrably at odds with the intentions of the drafters. *See In re Grunert*, 353 B.R. 591, 594 (Bankr.E.D.Wis.2006). Because the statute is clear, there is no reason to look at the legislative history or other extrinsic documents, such as the IRS Manual or Form B22C.[5]

## V. CONCLUSION

After reviewing the record, arguments, and relevant statutes and case law, the Court concludes the Armstrongs are allowed to take the Local Standards transportation ownership expense for their 1998 GMC Sierra 3500 truck that they own free and clear of liens.

Accordingly, **IT IS HEREBY ORDERED** that the Bankruptcy Court for

---

**5.** "Of course, national or local forms are only valid to the extent that they conform to the substantive provisions of the Bankruptcy Code. It is axiomatic that guidelines in a form cannot stand as independent authority in opposition to the Bankruptcy code itself." *In re Ransom*, 380 B.R. 799, 805 n. 13 (9th Cir. BAP 2007).

the Eastern District of Washington's opinion is **AFFIRMED,** *albeit* on different grounds.

The District Court Executive is directed to enter this Order, provide copies to all counsel, provide a certified copy of this Order to the **Clerk of the United States Bankruptcy Court for the Eastern District of Washington, Case No. 06–02476–PCW13 before the Honorable Patricia C. Williams, deny all pending motions as moot,** and **close the file.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to all counsel.